## THE PEOPLE *v.* BURGOS, JR.

### APPEAL from the District Court of Ponce.

#### No. 437.—Decided June 24, 1912.

CRIMINAL LAW—RAPE—ALIBI—DATE OF COMMISSION OF CRIME.—It is not essential in a case of rape to prove the exact date on which the crime was committed, it being sufficient to prove it approximately.

ID.—INSTRUCTIONS TO JURY—DATE OF COMMISSION OF CRIME.—Instructions are not erroneous when given by the court to the jury in a case of rape to the effect that if the jury concludes that the carnal act was committed on a date prior to that on which the information was filed or about the date to which the information refers they should render a verdict of guilty.

The facts are stated in the opinion.

*Mr. Manuel M. Sama, Jr.,* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The defendant in this case was prosecuted and convicted, before the District Court of Ponce, for the crime of rape. His sentence was five years' imprisonment in the penitentiary. He appears to have been a boy of 17 and his victim a girl 11 years of age. Of course in this case it was only necessary to prove two facts: First, the execution of the carnal act, and, second, that the girl was under the age of 14.

The only defense set up was an alibi. If the act took place on October 14, as some of the witnesses stated, then the proof of the alibi was very strong. But it may have occurred on the previous day or earlier. It was not necessary to prove the exact date. An approximation was sufficient.

Only one error is assigned in the appellant's brief, and the appeal is based on this point alone. It is this:

The court committed an error in giving to the jury the following instruction:

"The jury must have heard that the witness Verdesia in his statement has made reference to the exact date of the 14th. If the jury arrives at the conclusion that on a previous date to the information (the information was filed on December 15, 1911), and if the jury is convinced beyond a reasonable doubt that previously to December 15, 1911, when the information was presented in this case, and about the date to which the same refers, or on that date, this defendant, Francisco Burgos, had carnal intercourse with the girl Dionisia Luna, known by Leonor Burgos; and if the jury, in view of the evidence presented in this case, arrives at the conclusion that said girl is 11 years old, considering therefor the certificate that was presented to show this fact, then the jury must come to the court with a verdict of guilty against the defendant."

The question is argued as a case of first impression and no authority is cited to sustain the position taken by counsel.

The *fiscal,* on this point, cites and quotes, in his brief, an opinion of the Supreme Court of California which is directly in point. That court states the law as follows:

"The court gave the jury the following instruction:

" 'The essence of the crime charged in this information is "feloniously stealing and driving away the cattle." This is charged to have been done on or about November 20, 1890. You will see that the precise day on which it took place is not given. 'On or about' are the words of the information; and I instruct you that if you believe from the evidence in this case, beyond a reasonable doubt and to a moral certainty, that the defendant stole, or aided in stealing, the cattle named in the information, though you may not believe that it was done on the 20th day of November, but within a few days of that time, then your verdict should be 'guilty.' For the law looks to the crime committed, and not to the precise day when it was done, if done before the filing of the information, and within a reasonable time of the day named. This is the law in all cases, except when time is of the essence of the crime charged, and, as I said before, time is not of the essence of the crime in this case.

"Appellant's defense was an alibi, and while with argument he

attacks the principle embodied in the foregoing instruction, no authority is cited in its support. Two witnesses claiming to be *parliceps criminis* with appellant in the commission of the larceny testified that in company with him they took possession of and drove away the cattle upon the 20th of November. Other parties testified they saw appellant in possession of the cattle a day or two later in an adjoining county. Appellant's evidence tended strongly to show that he was in the town of Gridley upon the 20th day of November, a town situated several miles distant from the scene of the alleged larceny. Upon this state of facts, the instruction expressed the law, and we are unable to see how the giving of it in any manner infringed upon the rights of appellant. As the court said, the exact date of the commission of· the crime was immaterial. The material fact was, did the appellant commit the larceny? He was not deprived of the effect of his evidence upon the question of alibi by the instruction of the court. It was before the jury for all that it was worth, and no doubt was fully weighed by the jurors in arriving at a verdict. If it had sufficient force it overthrew the statements of his confederates as to the date of the larceny, and overthrowing their testimony in this regard would naturally weaken it as to the main issue, but all those matters came before the jury and were duly considered. We will suppose that appellant's evidence established beyond a doubt his presence in the town of Gridley during the entire day of November 20; such fact would not have authorized the court to advise the jury to acquit by reason of an alibi. Again, if the evidence in this case had indicated appellant's guilt to a moral certainty, and conceding his alibi to have been proven as attempted, certainly his acquittal would not have followed from such conditions. A complete and perfect alibi established as a fact that a party did not commit the offense charged; but the alibi attempted to be shown in this case, if it had been successfully established, would have entirely failed to meet such requirement of the law."

We regard this as settling the question. The instruction given by the trial court to the jury was correct. They found the facts of the alibi against the defendant and thus his only defense was swept away. He was awarded the lowest punishment allowed by the law, doubtless in consideration for his youth. There being no error apparent in the record and

the judgment being justified by the verdict, resting on the facts proved, it should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.